| | |
|---|---|
| 1 | McCARTHY, JOHNSON & MILLER |
|   |     Law Corporation |
| 2 | DIANE SIDD-CHAMPION, ESQ., #78140 |
|   | LORI A. NORD, ESQ., #87993 |
| 3 | 595 Market Street, Suite 2200 |
|   | San Francisco, CA  94105 |
| 4 | Telephone:  (415) 882-2992 |
|   | Facsimile:   (415) 882-2999 |
| 5 | E-mail:        dsidd-champion@mjmlaw.us |
|   | E-mail:        lnord@mjmlaw.us |
| 6 | |
|   | Attorneys for Plaintiffs |

*GRANTED — Judge Maria-Elena James* (court seal, United States District Court, Northern District of California)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLASTERING INDUSTRY WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERING INDUSTRY PENSION TRUST FUND; BOARD OF TRUSTEES OF THE OPERATIVE PLASTERERS LOCAL UNION NO. 66 SUPPLEMENTAL RETIREMENT BENEFIT FUND; BOARD OF TRUSTEES OF THE OPERATIVE PLASTERERS LOCAL UNION NO. 66 JOURNEYMAN AND APPRENTICE TRAINING  TRUST  FUND; and  BOARD OF TRUSTEES OF THE PLASTERING INDUSTRY LABOR-MANAGEMENT COOPERATION  COMMITTEE TRUST FUND; | Case No. CV 11-1448 MEJ  <br><br>**NOTICE OF DEFAULT AND REQUEST FOR REOPENING OF CASE** |
|                 Plaintiffs, | |
| v. | |
| OAKTOWN CONSTRUCTION, INC., | |
|                 Defendant. | |

In October 2011, Board of Trustees of the Plastering Industry Welfare Trust Fund; Board of Trustees of the Northern California Plastering Industry Pension Trust Fund; Board of Trustees of the Operative Plasterers Local Union No. 66 Supplemental Retirement Benefit Fund; Board of Trustees of the Operative Plasterers Local Union No. 66 Journeyman and Apprentice Training Trust Fund; and Board of Trustees of the Plastering Industry Labor-Management Cooperation Committee Trust Fund

("Plaintiffs") and Oaktown Construction, Inc. ("Defendant") entered into a Settlement Agreement and Stipulation for Entry of Judgment ("Settlement Agreement") that provided for Defendant to make installment payments to Plaintiffs, and allowed Plaintiffs to enter judgment upon default. (Sidd-Champion Decl.,[1] ¶ 2, Exh. 1.)

Defendant failed to pay the installment payment due under the Settlement Agreement on December 1, 2011. (Sidd-Champion Decl., ¶¶ 3, 7.) Plaintiffs took action to advise Defendant that it was in default by sending a letter to Defendant by mail, e-mail and facsimile transmission. (Sidd-Champion Decl., ¶¶ 8-10, Exh. 2.) Although the fax did not go through, the letter was apparently received by mail and by e-mail. (Sidd-Champion Decl., ¶¶8, 10.)

Pursuant to Paragraph 6 of the Settlement Agreement, Plaintiffs hereby file this Notice of Default.

On November 7, 2011, the Court issued an Order of Conditional Dismissal Based on Settlement (DKT #20). The Order states, in pertinent part: "Plaintiffs may reopen the case upon showing that Defendant has defaulted under the terms of the Settlement Agreement and Stipulation for Entry of Judgment. In the event of such a default, the Court shall enter judgment against Defendant pursuant to the terms of the Settlement Agreement and Stipulation for Entry of Judgment."

Plaintiffs hereby request that the case be reopened on account of Defendant's default. If Defendant has not cured the default within seven (7) calendar days of the filing of this Notice of Default, Plaintiffs will ask the Court to enter judgment against Defendant pursuant to the terms of the Settlement Agreement.

**McCARTHY, JOHNSON & MILLER**
**Law Corporation**

Dated: December 21, 2011     By:   */s/ Diane Sidd-Champion*
　　　　　　　　　　　　　　　　　　DIANE SIDD-CHAMPION
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

---

[1] "Sidd-Champion Decl." is the Declaration of Diane Sidd-Champion Re: Notice of Default filed herewith.